UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CITY OF EDMONDS,

    Plaintiff,

    v.

DARY GAIL RIEDLINGER,

    Defendant.

No. C17-225RSL

ORDER OF REMAND

This matter comes before the Court on a "Notice of Removal of Civil Action Under 28 U.S.C. 1446(a)." Dkt. # 1. Proceeding *in forma pauperis*, see Dkt. ## 2, 7, litigant dary-gail: riedlinger[1] removed Cause No. 7Z0024207 from the Edmonds Municipal Court, Dkt. # 1. That matter appears to concern a traffic ticket issued by the City of Edmonds to an individual named Dary Gail Riedlinger. Dkt. # 1-2 at 2. In Edmonds Municipal Court, dary-gail: riedlinger filed an answer denying that he was the defendant in that matter, asserting that he was the "Administrator and Attorney-In-Fact for Defendant DARY GAIL RIEDLINGER™ (a juristic person)," and lodging a "Third-Party Complaint" against various individually named defendants Dkt. # 1-2 at 9. Mr. riedlinger removed that matter to this Court. Dkt. # 1.[2]

---

[1] The Court adopts the styling preferred by Mr. riedlinger.

[2] Separately, Mr. riedlinger attempted to remove Edmonds Municipal Court Cause No. 7Z0024206, which was docketed in this Court as Case No. MC17-18RSL. On February 27, 2017, the Court denied Mr. riedlinger's request to remove that matter.

ORDER OF REMAND - 1

It has long been recognized that the Court can *sua sponte* consider the issue of subject-matter jurisdiction at any time during the proceeding. Scholastic Entm't, Inc. v. Fox Entm't Group, Inc., 336 F.3d 982, 985 (9th Cir. 2003); Fed. R. Civ. P. 12(h)(3). The party seeking a federal venue has the burden of establishing this Court's subject-matter jurisdiction. In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 546 F.3d 981, 984 (9th Cir. 2008). Mr. riedlinger alleges that the Court has subject-matter jurisdiction because his defenses in the Municipal Court action are grounded in federal law. Dkt. # 1 at 2; see 28 U.S.C. § 1331; 28 U.S.C. § 1442. But for federal subject-matter jurisdiction to exist, a federal question must appear on the face of the complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal jurisdiction cannot be based on actual or anticipated defenses. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (citing Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).

Moreover, it appears that the Municipal Court action is a criminal matter, not a civil one. See Dkt. # 1-2 at 2. As this Court observed in denying Mr. riedlinger's request to remove a separate criminal action, see supra note 2, federal law allows the removal of state criminal prosecutions "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . . ." 28 U.S.C. § 1443(1). Mr. riedlinger makes no effort to show that removal is warranted under this provision.

Finally, to the extent Mr. riedlinger argues that federal subject-matter jurisdiction exists due to the federal claims in the third-party complaint he filed in Municipal Court, the Court reminds Mr. riedlinger that only a defendant may remove an action filed in state court. See 28 U.S.C. § 1441(a). As third-party plaintiff, Mr. riedlinger may not remove on the basis of his federal claims.

ORDER OF REMAND - 2

1        For all the foregoing reasons, Mr. riedlinger has failed to meet his burden of establishing
the basis of the Court's jurisdiction.  This matter is hereby remanded to the Edmonds Municipal
Court.  Mr. riedlinger's motions for an extension of time (Dkt. # 9) and for default (Dkt. # 10)
are DENIED as moot.

      DATED this 28th day of February, 2017.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER OF REMAND - 3